**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBY LEE HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 3202 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| COUNTY OF COOK, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY**
**JUDGMENT**

NOW COME the DEFENDANTS, Cook County and Ann Dunlap[1], by their attorney, ANITA ALVAREZ, Cook County State's Attorney, and through her Assistant, KEVIN FREY, and submits this Reply in Support of Defendants' Motion for Summary Judgment.

**ARGUMENT**

The law and uncontested facts demonstrate that Defendants were not deliberately indifferent to any of Plaintiff's medical needs. It is clear that Plaintiff received medical treatment for his numerous medical conditions and Plaintiff is only complaining about the quality of care he received. Some of Plaintiff's conditions are not serious medical conditions. As for the conditions where there is a dispute as to their seriousness, Defendants were not deliberately indifferent. Moreover, for each of these claims, Plaintiff has failed to submit verifying medical evidence demonstrating that any alleged delay or denial of treatment caused him injury. Therefore, Defendants are entitled to judgment as a matter of law.

---

[1] Plaintiff also includes Anne Catoure as a defendant. This Court dismissed Anne Catoure as a defendant on January 12, 2009. (See Docket # 37)

### A. **Plaintiff Failed to Comply with F.R.C.P. 56(e) and L.R. 56.1**

Plaintiff has failed to deny the allegations contained in the Defendants' statement of material facts; consequently, the facts should be deemed admitted. When Defendants filed their motion for summary judgment, they also included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. (L.R. 56.2; Docket # 163) This notice clearly explained to Plaintiff that he must comply with the requirements of F.R.C.P. 56(e) and L.R. 56.1. (Docket #163 at 2) The requirements of Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file a response to the movant's statement that shall contain:

> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>
> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b)(3). Plaintiff has failed to follow the requirements of L.R. 56.1(b)(3)(B) because he has not responded to any of the paragraphs set forth in Defendants statement of material facts.

The Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000). "Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required." *Denton v. United States,* 2010 U.S. Dist. LEXIS 86225 at *5 (N.D. Ill. August 23, 2010)(Holderman, J.),

*citing Member v. Paige*, 140 F.3d 699 (7th Cir. 1998) and *Jones v. Phipps*, 39 F. 3d 158 (7th Cir. 1994).[2] The requirements outlined by L.R. 56.1 is the only acceptable means of disputing the moving party's statement of facts. *Midwest Imports, Ltd. v. Coval*, 71 F. 3d 1311, 1317 (7th Cir. 1995)(referencing former Local Rule 12). Therefore, all of Defendants' material facts should be deemed admitted as Plaintiff failed to follow the requirements of L.R. 56.1. *See Green v. Bd. Of Educ. Of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001)(the failure of a *pro se* litigant to comply with Local Rule 56.1 permits entry of judgment on behalf of the defendant).

Plaintiff also has failed to supply a list of disputed facts with evidentiary support as required by L.R. 56.1(b)(3)(C). Plaintiff has only put together a number of documents under the headings of "List of Facts." (Docket #187-191, 193 and 198) These "List of Facts" are not organized in any order and Plaintiff makes generic references to them in his response. Plaintiff is asking this Court to search for the facts and apply them to his argument. While it is true that the court ruling on the motion for summary judgment must construe all facts in favor of the nonmoving party (*Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 780 (7th Cir. 2007)), that "favor toward the nonmoving party does not relieve it of the obligation to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Waukesha Foundry, Inc. v. Indus. Eng'g, Inc.*, 91 F.3d 1002, 1007 (7th Cir. 1996)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008), the court reiterated the proposition that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Id.* at 484 (quoting *Steen v. Myers*, 486 F. 3d 1017,

---

[2] A copy of this decision has been attached to Defendants' reply.

1022 (7th Cir. 2007) quoting *Hammel v. Eau Galle Cheese Factory*, 407 F. 3d 852, 859 (7th Cir. 2005)). Therefore, this Court should only consider Defendant's Rule 56.1 statement of facts.

To the extent that this Court will construe Plaintiff's "facts" as complying with F.R.C.P. 56(e) or L.R. 56.1(b)(3), Defendants dispute each of them as Plaintiff fails to support any of his facts with specific references to the affidavits, parts of the record, or other supporting materials that he is relying on to support his proposed "List of Facts." These lists of facts are essentially nothing more than his grievances and declarations, which are self-serving and not sufficient to defeat summary judgment. *Keri v. Board of Trustees*, 458 F.3d 620, 628 (7th Cir. 2006)("Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment.").

**B.** **This Court Should Disregard Any Allegations not Plead in Plaintiff's First Amended Complaint**

Plaintiff's response raises several new allegations of deliberate indifference. Plaintiff alleges that he failed to receive treatment for a hand condition, internal and external hemorrhoids and a chronic stomach condition. (Plaintiff's Response, "Pl. Resp.," at 5-10) Plaintiff also claims that he was routinely denied his prescription medications. (Pl. Resp. at 12) In addition, Plaintiff has made new allegations regarding his G.I. condition and his allergy to a high protein diet. These allegations were not set forth in Plaintiff's First Amended Complaint and "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996), *citing Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984). Because Plaintiff is attempting to amend his complaint through his response, this Court should disregard any argument in regards to these allegations.

4

**C.  Plaintiff has Failed to Make an Official Capacity Claim of Deliberate Indifference**

Plaintiff concedes that Ann Dunlap should be granted judgment as to her official capacity because he failed to address in his response Defendants' argument about the redundancy of official capacity claims.  (Defendants' Memorandum of Law at 2-3)  As for Cook County, Plaintiff could not identify any evidence of a policy, custom, or practice that denied him medical treatment.  In addition, Plaintiff has to show that the official policy or custom was the cause of the alleged constitutional violation-the 'moving force' behind it.  *Estate of Sims v. County of Bureau*, 506 F. 3d 509, 514 (7th Cir. 2007); Plaintiff has failed to do this.  The only evidence that Plaintiff sets forth is cursory mention of the Department of Justice Report.  (Pl. Resp. at 14, 35)  However, this argument is insufficient as Plaintiff fails to identify where in the report this evidence is located and what the report is based upon.  Moreover, as is shown in more detail in the next section, Plaintiff was provided frequent treatment for his medical complaints.  Therefore, this Court should enter summary judgment in favor of Cook County and Ann Dunlap in their official capacities.

**D.  The Defendants Did Not Act With Deliberate Indifference Towards Plaintiff**

The Eighth Amendment's prohibition against cruel and unusual punishment extends to pretrial detainees under the Due Process Clause of the Fourteenth Amendment.  *See Zentmyer v. Kendall County*, 220 F. 3d 805, 810 (7th Cir. 2000); *quoting Estelle v. Gamble*, 429 U.S 97, 104 (1976).  In order to maintain a cause of action for deliberate indifference, Plaintiff must establish that the Defendants violated the Eighth Amendment by denying the Plaintiff humane conditions of confinement in the form of demonstrating "deliberate indifference to serious medical needs of prisoners."  *Farmer v. Brennan*, 511 U.S. 825 (1994).  To prevail on a constitutional claim for failure to provide medical care, a pretrial detainee must satisfy both an objective and subjective

5

element. *Id*. at 834. To satisfy the objective element of the deliberate indifference analysis, the Plaintiff must show that the deprivation alleged was a "sufficiently serious" injury or medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prove the subjective element of deliberate indifference, Plaintiff must be able to show that the defendants actually realized that there was a risk of serious harm and knowingly refused to do anything to alleviate it. *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir. 1987). A plaintiff who complains that a "delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996), *quoting Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995). There are no material facts in dispute, and as such, Defendants are entitled to judgment.

### 1. Eye Care

Plaintiff claims that he has suffered from vision loss and is on the verge of going blind. (Pl. Resp. at 2) The uncontested facts demonstrate that this is not true and Plaintiff did not suffer from a serious medical condition. When Plaintiff entered the Cook County Jail, the only corrective vision he needed was reading glasses. (Defendants' Statement of Material Uncontested Facts, "56.1(a)," ¶ 13) However, Plaintiff's glasses were working well enough for him to examine used razors to see "little bitty hairs." (56.1(a) ¶ 62) Moreover, the primary purpose of Plaintiff's glasses was for reading. (56.1(a) ¶ 27) There is no evidence that he was losing his sight or that Plaintiff's vision loss was anything more than normal vision loss that comes with age.

Even if Plaintiff's eye condition could be considered a serious medical condition, Defendants were not deliberately indifferent to it. Plaintiff's argument focuses on the alleged ten month delay in seeing the eye doctor after being given defective glasses and moves away from

6

claiming that the misdiagnosis itself constituted deliberate indifference. (Pl. Resp. at 3) According to Plaintiff he received defective glasses in July of 2007. (56.1(a) ¶ 12) However, the only evidence provided by Plaintiff shows that his first written complaint was in November 2007. (Pl. List of Facts (M) at 10-11) Yet, the uncontested facts show that when seen by Dr. Dunlap in November 2007, Plaintiff never made complaints about his vision or glasses. (56.1(a) ¶ 20) When Plaintiff made complaints to medical personnel in January of 2008, he was referred to an ophthalmologist. (56.1(a) ¶ 21) When Plaintiff first discussed the issue with Dr. Dunlap in April 2008, he was referred and seen by ophthalmologist. (56.1(a) ¶¶ 22-24) It is clear that the totality of care provided to Plaintiff was sufficient and there are no material issues facts in dispute.

### 2. **Dental Care**

Plaintiff's allegations as to his dental care are not about whether he received any dental care, but about the quality of the care he received. The uncontested facts demonstrate that Plaintiff was seen by a dentist on multiple occasions and was provided dental treatment. (56.1(a) ¶ 31) Plaintiff in fact concedes that he saw a dentist on numerous occasions. (Pl. Resp. at 15) The dental treatment Plaintiff received at the Cook County Jail included medicated mouthwash for his bleeding gums, treatment for gingivitis and cleaning of the teeth. (56.1(a) ¶ 32) Dr. Dunlap addressed Plaintiff's dental complaints, prescribed medication and referred him to a dentist. (56.1 ¶¶ 36-38)

Plaintiff contends that he required a root canal, bridge work, surgery to his gums and should not have been prescribed the medicated mouthwash Peridex. (Pl. Resp. at 15-17) There was no allegation or evidence that a dentist diagnosed that Plaintiff needed a root canal or a new bridge and refused to provide that treatment to him. Moreover, Plaintiff's unsubstantiated

7

statement that a doctor told him Peridex was ineffective does not show deliberate indifference on the part of Defendants. (Pl. Resp. at 15) Mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). This is clearly a case of Plaintiff complaining only after he did not get the treatment he preferred and that is why Defendants are entitled to judgment in their favor.

### 3. G.I. Issues

Plaintiff argues in his response that his G.I. condition was misdiagnosed and he was given the wrong medication which led to his current condition of gastritis. (Pl. Resp. at 20-21) This is in sharp contrast to the allegations in his First Amended Complaint of a denial of access to medical treatment which included seeing a G.I. specialist, appointments for lower G.I tests and cancellation of his medication. (56.1(a) ¶ 39) Plaintiff is now contending that the diagnosis was improper and he was given the wrong medication. (Pl. Resp. at 19) Even if Plaintiff's allegations were true and he was misdiagnosed, the misdiagnosis does not constitute deliberate indifference. See *Steele v. Choi*, 82 F. 3d at 178-79.

Plaintiff also contends that there was a delay in treatment, such as a failure to be properly prepared for a colonoscopy, which caused his condition to worsen. (Pl. Resp. at 17-22) Defendants' uncontested facts establish that Dr. Dunlap did not deny Plaintiff medical treatment. (56.1(a) ¶¶ 41, 43-45) Plaintiff has failed to set forth any facts that establish Dr. Dunlap delayed any treatment for Plaintiff's G.I. condition. Contrary to his assertions, the uncontested facts also show that Plaintiff was referred to outside hospitals and was being monitored by a G.I. Specialist. (56.1(a) ¶¶ 44-45) Even if there was a delay, there are no facts that establish a link between Plaintiff's gastritis condition and any alleged deliberate indifference because the

colonoscopy determined that he had internal and external hemorrhoids, which bear no relation to Plaintiff's gastritis. (Pl. Resp. 9-10; List of Exhibits (G) at 12, 12-A) Thus, Defendants are entitled to judgment as a matter of law.

### 4. **Allergy to High Protein Diet**

Plaintiff's response essentially concedes that his alleged allergy to a high protein diet did not constitute a serious medical condition because he never had an allergy to a high protein diet. Plaintiff argues that at all times his medical conditions were considered to be serious medical conditions, but fails to lend any support to this argument. (Pl. Resp. at 24) As he admitted during his deposition and once again in his response, Plaintiff's diarrhea did not come from the food he was eating, but from a chronic stomach condition called gastritis. (Pl. Resp. at 23) Because Plaintiff did not have an allergy to the high protein diet, he did not suffer from a serious medical condition.

Realizing that he did not suffer from an allergy to the food, Plaintiff has changed his allegations and argument. Plaintiff now contends that Defendants were deliberately indifferent because they became aware of a serious medical condition and failed to refer him to an appropriate specialist. (Pl. Resp. at 23) This is a new argument and should be disregarded by this Court. Moreover, Plaintiff has not established that he was in need of a renal diet or a kosher diet. Dr. Dunlap's alleged denial of a renal diet does not constitute deliberate indifference because Plaintiff did not suffer from a kidney condition. (56.1(a) ¶ 9, 54; Pl. List of Facts (L) at 2) Plaintiff failed to identify anywhere in the record where it demonstrates he has a kidney condition. In addition, a kosher diet is a religious diet, not a medical diet so it would not have been prescribed by a doctor. Plaintiff was informed that if he wanted a kosher diet, he needed to request it from program services. (Pl. List of Facts (L) at 6) Plaintiff failed to properly request

it, but it was still given to him on November 1, 2009. (Pl. List of Facts (L) at 10) Therefore, Defendants' motion should be granted.

### 5. **Hepatitis C**

Plaintiff's complaint alleged that he contracted Hepatitis C during his confinement at the Cook County Jail. Plaintiff claims that he contracted Hepatitis C through one of three ways: 1) the Sheriff's custom of passing out used razors; 2) Sheriff's officers forced him to walk through pools of blood after gang fight on his tier; or 3) an individual housed with Plaintiff had Hepatitis C and that individual exposed him to Hepatitis C. (Pl. Resp. at 31) Plaintiff fails to offer any evidence that any of these things actually happened. Even if Plaintiff could somehow prove that he contracted Hepatitis C through one of these three ways, there is no set of facts he could prove that could hold Cook County or Dr. Dunlap liable.

Plaintiff is essentially arguing that the conditions of confinement caused his Hepatitis C, but his response fails to sufficiently address Defendants' argument that they are not responsible for the conditions of the jail or how the jail is operated. It is well settled in Illinois that a county's respondeat superior liability extends only to county employees and not to independent county officers. *Moy v. County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926 (1994). Illinois sheriffs are independently elected officials not subject to the control of the county. *Thompson v. Duke*, 88 F.2d 1180, 1187 (7th Cir. 1989). Cook County has no authority to control the Sheriff of Cook County or his officers. *Acevedo v. Robinson*, 2000 U.S. Dist. LEXIS 1708 (N.D. Ill. February 16, 2000) (Gettleman J).[3] It is the Sheriff of Cook County, not Cook County, who operates the Cook County Department of Corrections. (*See* 55 ILCS 5/3-6017) This same argument extends to Dr. Dunlap. Dr. Dunlap is employed by Cermak Health Services, *i.e.* Cook County,

---

[3] A copy of this decision has been attached to Defendants' reply.

and not the Sheriff's office. (56.1(a) ¶ 4) Thus, there is no issue of material fact as to whether Cook County or Dr. Dunlap could be held liable for how Plaintiff allegedly contracted Hepatitis C.

Plaintiff also alleges that he did not receive adequate medical treatment after he was diagnosed with Hepatitis C; however, Plaintiff fails to provide any evidence to demonstrate that he did not receive care for his Hepatitis C. Plaintiff claims that he requested a Hepatitis C test on June 21, 2007, but fails to provide any evidence of that request or any other requests for a Hepatitis C test in his "List of Exhibits E." Plaintiff testified at his deposition that when he asked Dr. Dunlap for the test, she had him tested. (56.1(a) ¶ 59) Moreover, contrary to Plaintiff's assertions, once diagnosed, the problem was referred to a specialist and he received treatment. (56.1(a) ¶ 63, 64) The documents relied upon by Plaintiff actually support Defendants' arguments that he has received treatment. For example, Plaintiff was seen at a Stroger Clinic on October 29, 2009 and at Stroger Hospital on November 16, 2009 for treatment. (List of Exhibits E, P. 17-18) Because these is no factual dispute that Defendants have provided care for Plaintiff's Hepatitis C, summary judgment is warranted on this issue.

### 6. <u>Back Condition</u>

Plaintiff's response fails to demonstrate how his alleged back condition could be considered a serious medical condition. Plaintiff contends that the reason why his back condition was not noted in his initial medical screening was because Cook County had an inadequate screening procedure. (Pl. Resp. at 27-28) However, other conditions of Plaintiff are noted such as head trauma, BPH and Plaintiff's hernias. (Def. Ex. 3 at BLH 1, 126-127, 226-227) Plaintiff argues that he should have been seen by a specialist and the doctors who treated him "assumed his back was ok and passed me on." (Pl. Resp. at 30) There is nothing in

11

Plaintiff's response or List of Exhibits that indicates his back pain was anything more than typical aches and pains. When Plaintiff injured his back or suffered from back pain, he would be given medication. (56.1(a) ¶ 72) Dr. Dunlap observed Plaintiff with poor posture and sitting in positions inconsistent with back pain. (56.1(a) ¶ 77-78) In fact, Plaintiff concedes, as he did during his deposition, that he exercised and lifted weights. (Pl. Resp. at 28; 56.1(a) ¶ 70) The undisputed facts are clear that Plaintiff's back condition did not constitute a serious medical condition.

Even if Plaintiff's back condition could be considered a serious medical condition, Defendants were not deliberately indifferent to it. Plaintiff contends that he was denied medical treatment for his back. (Pl. Resp. at 6) The uncontested facts demonstrate that Plaintiff was seen when he had back pain and was given treatment. (56.1(a) ¶ 72, 73, 77-79) Plaintiff concedes that on the three occasions when his back went out, he received medical treatment from Cermak medical personnel. (56.1(a) ¶ 72) Moreover, when Plaintiff complained about back pain to Dr. Dunlap, she examined him and found nothing structurally wrong with his back. (56.1(a) ¶ 77-78) In fact, when asked at his deposition what medical treatment he was denied for his back, Plaintiff's only complaint was that he was not given a back belt. (56.1(a) ¶ 73) Plaintiff never testified that he was denied access to a back specialist, medication or x-rays.

What Plaintiff is alleging is not deliberate indifference; it is just his disagreement over the course of treatment. Mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). It is also questionable how much the back brace would actually help Plaintiff, because Plaintiff's back has not gone out since the back brace was allegedly taken by Sheriff's officers during a search. (56.1(a) ¶ 75) Moreover, according to Plaintiff, he was not even

12

wearing his back brace when it was taken from him because he had left it in his cell to participate in indoor recreation. (56.1(a) ¶ 71) What Plaintiff ignores is that he was examined and it was determined that he did not need to see a back specialist. Plaintiff was not denied medical treatment; Plaintiff was not given the medical treatment that he wanted. This is not deliberate indifference.

Plaintiff's final contention is that Cook County could be held liable for the alleged removal of his back brace by Sheriff's Officers and the Sheriff's failure to provide more "comfortable seating." (Pl. Resp. at 30) As argued above, Plaintiff completely ignores the fact that Cook County and the Sheriff's Office are two separate and distinct legal entities. While Cook County is a governmental entity for *Monell* purposes and can create polices, customs or practices, it has no control over the polices, customs or practices of the Sheriff's Office or how the Sheriff's Office runs the Cook County Jail. Thus, there is no set of facts that Cook County could be held liable for the alleged removal of his back brace by Sheriff's Officers and the Sheriff's failure to provide more "comfortable seating."

### E. Defendants Did Not Commit Intentional Infliction of Emotional Distress

Plaintiff concedes that Section 745 ILCS 10/6-105 of the Illinois Tort Immunity Act bars Plaintiff from raising a state law claim of intentional infliction of emotional distress against the Defendants based upon a denial of medical care as he failed to address it in his response. Moreover, Plaintiff response only addresses this claim as to his contraction of Hepatitis C. (Pl. Resp. at 35) Plaintiff's response fails to set forth any facts that establish that the conduct of the Defendants was "extreme or outrageous." The record amply supports that Plaintiff was not denied medical treatment. He was seen on multiple occasions for a variety of ailments, by not only Dr. Dunlap, but a multitude of medical personnel at Cermak Health Services. Each

13

legitimate medical request was addressed and treatment was provided. In addition, Plaintiff has not offered any evidence to demonstrate that his allegations of denials of medical treatment were the cause of any emotional distress. Therefore, the Defendants are entitled to summary judgment on this count.

**F.** **Plaintiff's Motion to Strike the Depositions of Defendants Should be Denied**

Plaintiff has filed a Motion to Strike the depositions of Ann Dunlap and Nagib Ali pursuant to Rule 12(f) and now, four months after Defendants moved for summary judgment and over a year after the depositions were taken, is requesting sufficient depositions be taken. Plaintiff contends that the depositions were insufficient because Defendants' counsel deposed the witnesses, Defendants' counsel did not ask sufficient follow-up questions and Defendants' counsel did not ask sufficient questions to lead to further discovery. (Pl. Mtn. at ¶ 2) Plaintiff also argues that his questions were not asked of the witnesses and the witnesses were prepared before they were deposed. (Pl. Mtn. at ¶ 4) Plaintiff's assertions are unsupported and without merit.

The questions were submitted to this Court and this Court ruled on any objectionable questions. (Docket #100, 104) It was the court reporter who read each question to the witness, not Defendants' counsel, and transcribed the witness' answer. Moreover, Plaintiffs' questions were asked at the deposition. Plaintiff's questions, along with the cross-examination questions, were read verbatim to each witness and copies of the written questions were attached to the transcripts as exhibits. During the status hearing on March 9, 2010, Defendants' counsel inquired of this Court whether follow-up questions could be asked and this Court ordered that no follow-up questions could be asked. Moreover, it is not Defendants' counsel's responsibility to ask any questions, let alone "sufficient questions leading up to further discovery." As this Court is

14

aware, Plaintiff submitted not only direct examination questions, but re-direct examination questions as well.  (See Docket #100)  Plaintiff had more than an ample opportunity to seek the information that he was looking for.

Plaintiff provides absolutely no basis for his suggestion that Defendants' counsel prepared the witnesses for deposition.  (Pl. Mtn. at ¶ 4)  This Court instructed counsel for Defendants not to show the witnesses the questions prior to the deposition or discuss the content of the questions prior to the deposition.  (Docket # 97)  Counsel for Defendants did not discuss the questions or content of the questions with the witnesses prior to their depositions and filed an attorney certification with this Court stating, among other things, that Dunlap and Ali were not shown the questions before hand, nor was the content of the questions discussed with them prior to their depositions.  (Docket # 105)  Because Plaintiff's arguments are unsupported and patently false, his Motion to Strike the depositions of Dunlap and Ali should be denied.

## CONCLUSION

WHEREFORE Defendants Cook County and Ann Dunlap respectfully request that this Honorable Court grant Defendants summary judgment along with fees and costs, deny Plaintiff's Motion to Strike the Depositions of Ann Dunlap and Nagib Ali and order any such other relief as this Court deems just and appropriate.

Respectfully Submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By:     /s/ Kevin Frey
Kevin Frey
Assistant State's Attorney
69 West Washington, Suite 2030
Chicago, Il 60602
(312) 603-1440

15